UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LORENZO TOWNSEND, #201112,<br>    Plaintiff,<br><br>-v-<br><br>MARGARET OUELLETTE, *et al.*,<br>    Defendants. | No. 1:17-cv-935<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

  Pending in this lawsuit are two motions for summary judgment, the first filed by two defendants and the second filed by the third remaining defendant. (ECF Nos. 19 and 22.) Plaintiff Townsend is a prisoner under the control of the Michigan Department of Corrections. Defendants assert Plaintiff failed to properly exhaust his administrative remedies. The magistrate judge reviewed the motions and issued a report recommending that the Court grant both motions and terminate this lawsuit. (ECF No. 29.) Plaintiff filed objections. (ECF No. 30.) Defendants filed a response to the objections. (ECF No. 32.)

  After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The only claim remaining in this lawsuit is brought against Defendants Leach, Curley and Johnson. (ECF No. 10.) Specifically, Plaintiff has pleaded a First Amendment and RLUIPA claim related to his requests for vegan-compliant B-12 vitamin supplements. (*Id.* PageID.123-25.)

To support the recommendation, the magistrate judge concludes: (1) a request for vegan-compliant vitamins is a grievable issue (R&R at 9-10 PageID.257-58); and (2) none of Plaintiff's grievances name or implicate Leach, Curley or Johnson as an individual who was involved in the denial of his religious liberties (*id.* at 10-11 PageID.258-59).

Objection 1. PLRA allows for exhaustion outside of the grievance system when no administrative remedy exists. Plaintiff's objection is overruled. Plaintiff is correct that when the grievance system cannot be used, the claim can be properly exhausted without completing all three grievance steps. But, this fact is one without material significance to Plaintiff. As explained in the R&R, Plaintiff's lack of access to vegan-compliant vitamins was a grievable issue.

Objection 2. Plaintiff contends that the magistrate judge erred when concluding that the two grievances that mention vitamins were medical, not religious, claims. Plaintiff's objection is overruled. The grievances speak for themselves. Plaintiff was making medical complaints. Importantly, neither grievance names these three defendants.

Objection 3. Plaintiff asserts that the vitamin question was not grievable and that any grievance would have been rejected. Plaintiff's objection is overruled. Plaintiff has presented his claim as the denial of his specific request, which is not similar to a prohibited grievance

that seeks relief for all prisoners.  And, Plaintiff would not have been grieving a provision of a Policy Directive.

Objection 4.  Plaintiff reasons that his letters were attempts to exhaust his administrative remedies.  Plaintiff's objection is overruled.  He needed to use the grievance process.  Furthermore, none of the named Defendants denied the requests made in the letters.  The individuals who received the letters indicated they did not have the authority to make the decision and forwarded the letter to someone else.  Plaintiff did not follow up his letters or grieve the "denials."

Objection 5.  Plaintiff insists his request for a declaratory ruling fulfilled the exhaustion requirement.  Plaintiff's objection is overruled.  Plaintiff must exhaust the administrative remedies through the process established by the MDOC.

Accordingly, the Report and Recommendation (ECF No. 29) is **ADOPTED** as the Opinion of this Court.  Defendants' motions for summary judgment (ECF Nos. 19 and 22) are **GRANTED**.  Plaintiff's claims against these three defendants—Leach, Curley and Johnson—are dismissed without prejudice.

**IT IS SO ORDERED.**

Date:  March 25, 2019          /s/ Paul L. Maloney
                      Paul L. Maloney
                      United States District Judge